O

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SAUL DELEON, individually, and on behalf of other members of the general public similarly situated,**<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>**TIME WARNER CABLE LLC, et al.,**<br><br>　　　　　　Defendants.<br>_____ | **CASE NO. CV 09-2438 AG (RNBx)**<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT** |

　　　Plaintiff Saul Deleon ("Plaintiff") filed a Motion for Leave to File Third Amended Complaint ("Motion") to add a new defendant, Time Warner NY Cable LLC ("TWNYC"), to this wage and hour class action.  Defendants Time Warner Cable LLC, Time Warner Cable, Inc., Time Warner Cable Services LLC, and Time Warner Cable Shared Services ("Defendants") oppose the Motion, arguing that it is untimely and that Plaintiff has not shown good cause for leave to filed an amended complaint after the scheduling order deadline had passed.  After considering all papers and arguments submitted, the Court DENIES the Motion.

**BACKGROUND**

Plaintiff filed a wage and hour class action complaint against Defendants in April 2009. According to Plaintiff, he did not include TWNYC as a defendant because Time Warner Shared Services, not TWNYC, was identified as Plaintiff's employer on Plaintiff's check and wage statement. (Declaration of Mónica Balderrama ("Balderrama Decl.") Ex. C.)

Plaintiff filed a Second Amended Complaint ("SAC") in early August 2009, still without TWNYC as a defendant. Shortly after, Defendants sent a letter to Plaintiff asserting that he was not employed by Defendants and offering to substitute TWNYC, which Defendants claimed was Plaintiff's real employer, for Defendants. (Declaration of Joseph Ozmer ("Ozmer Decl.") ¶ 2.) Plaintiff rejected Defendants' offer, instead offering substitution only if Defendants agreed to toll the statute of limitations on Plaintiff's claims against Defendants. (Ozmer Decl. ¶ 3.) Defendants declined Plaintiff's proposal, and then filed an Answer denying that Defendants employed Plaintiff. (Answer ¶ 21). Similar offers and rejections occurred in September and October. (Ozmer Decl. ¶¶ 3-5.)

During discovery in September, there was some confusion over whether TWNYC was a party to this lawsuit. In two discovery related documents, Defendants listed the propounding parties as "Defendants TIME WARNER CABLE LLC, TIME WARNER CABLE SERVICES LLC and TIME WARNER NY CABLE LLC (incorrectly identified by Plaintiff as 'Time Warner Cable, Inc.')." (Declaration of Christian Counts, Exs. F and G.)

This confusion cleared up in October. On October 1, 2009, Defendants stated in the 26(f) Joint Report that Plaintiff was not their employee. (Joint Report ¶ 4.) In late October, Defendants provided verified interrogatory responses under oath asserting that Plaintiff was not Defendants' employee, and was instead employed by TWNYC. (Mot., Ex. D 3-4, ¶¶ 6-8.)

Plaintiff again proposed a tolling agreement in exchange for a defendant swap on November 3. (Balderrama Decl. ¶ 8.) Defendants never responded. (Balderrama Decl. ¶ 9.) In early December, Plaintiff did not dispute at his deposition that he is not employed by Defendants. (Ozmer Decl. ¶ 8.)

2

On October 19, 2009 the Court entered a Scheduling Order, which said: "Absent exceptional circumstances, any motion to join another party or to amend the pleading shall be filed and served within 60 days after the date of this Order and noticed for a hearing occurring within 90 days after the date of this Order." (Scheduling Order ¶ 3.) The resulting deadline for amending the pleading or joining a party was December 18, 2009.

On January 25, 2010, Plaintiff filed this Motion, seeking to amend the SAC. Plaintiff's proposed Third Amended Complaint adds TWNYC as a defendant. There are no other changes.

**LEGAL STANDARD**

Plaintiff seeks to amend his complaint under Federal Rule of Civil Procedure 15(a), but a party attempting to amend a pleading after the date specified in a scheduling order must first satisfy the "good cause" standard of Federal Rule of Civil Procedure 16(b). *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992) (finding the "extraordinary circumstances" scheduling order standard as rigorous as the "good cause" standard under 16(b)).

"Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609. When evaluating whether a party was diligent, the Ninth Circuit has determined that "the focus of the inquiry is upon the moving party's reasons for modification. If that party was not diligent, the inquiry should end." *Id.* at 610. A finding of "carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Id.* at 609. Only after the moving party proves that it was diligent in seeking an amendment should a court apply the standard under Rule 15 to determine if the amendment is proper. *Id.* at 608.

**ANALYSIS**

Plaintiff has not shown the required diligence. Plaintiff was on reliable notice since late October 2009 that, according to Defendants, TWNYC was Plaintiff's employer, and Defendants were not. During the six weeks before the cutoff date for motions to amend, Plaintiff could have moved to amend the pleadings and add a defendant, but he did not do so. Instead, Plaintiff attempted to get Defendants to agree to toll the statute of limitations on Plaintiff's claims.

Plaintiff argues that the confusion created by Defendants listing TWNYC as a propounding party on discovery requests in September made him unsure about relying on Defendants assertion that Plaintiff had not sued the proper Defendants. Plaintiff argues, and the Court agrees, that Plaintiff had no reliable information in September that he should move to add TWNYC to the complaint.

But the procedural history does not end with the September discovery requests. On October 29, 2009, a month and a half before the deadline for motions to amend, Defendants stated under oath that "none of the Defendants sued in this action were Plaintiff's employer. Plaintiff was employed by Time Warner NY Cable LLC, who is not a party to this action." (Balderrama Decl., Ex. D at 3-4.) As Plaintiff admits in his Reply, this was "reliable information from parties with personal knowledge" indicating that another entity should have been named as a defendant. (Reply 4:16-17.) After Plaintiff received this information, on November 3, 2009 Plaintiff again sought to get Defendants to agree to let TWNYC be joined as a defendant in exchange for tolling the statute of limitations on Plaintiff's other claims against Defendants.

This is where Plaintiff's diligence ends. From November 3, 2009 until the day the Motion was filed on January 25, 2010, Plaintiff took no steps to add TWNYC as a defendant even though the Scheduling Order had gone into effect only two weeks before, on October 19, 2009, and required motions to amend to be filed by December 18, 2009. It would have been reasonable for Plaintiff to file his Motion during the six weeks between November 3 and the December 18 deadline. But he did not, and therefore Plaintiff must not be granted leave to amend his complaint. *See Irise v. Axure Software Solutions, Inc.*, 2009 WL 3615973, at *2

(C.D. Cal. July 30, 2009) ("'Good cause' requires that the deadline of the scheduling order 'cannot reasonably be met despite the diligence of the party seeking the extension.'") (quoting *Johnson*, 975 F.2d at 609).

In conclusion, Plaintiff knew he should have added TWNYC as a defendant well before the Scheduling Order's deadline for amendment, but failed to take reasonable steps to amend his complaint before the deadline. Under these circumstances, the Court finds that Plaintiff has not shown the required diligence in seeking to amend his pleadings, and the inquiry ends. *Johnson*, 975 F.2d at 610.

**DISPOSITION**

The Motion is DENIED.

IT IS SO ORDERED.

DATED: February 22, 2010

_____
Andrew J. Guilford
United States District Judge